# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-MJ-705-MTS |
| CARRIE WILLIFORD, | |
| Defendant. | |

## Unopposed Motion for Protective Order

The government moves the Court to enter a Protective Order regarding specific sensitive discovery designated by the government as "Protected Discovery," and in support thereof states as follows:

1. Pursuant to Local Criminal Rule 47.4, the United States advises the Court that the undersigned Assistant United States Attorney consulted with counsel for the Defendant, Tina Hunt, regarding her position in reference to this motion and she has no objection to the government's motion.

2. The Jencks Act requires that the government, on motion of the Defendant, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b) (1988). This material includes a transcript of grand jury testimony in which confidential informant(s) are identified by name. 18 U.S.C. § 3500(b) & (e)(3).

3. Fed. R. Crim P. 26.2(a) states that after a witness has testified on direct examination, the Defendant is entitled to a transcript of the grand jury testimony and investigative materials of the witness.

4. Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

5. It is the practice in this district to voluntarily disclose grand jury transcripts and investigative materials during discovery, thereby preventing delays during the trial.

6. The government's evidence in this case relies on information provided by informants and/or cooperating witnesses. Information provided by informants and/or cooperating witnesses is documented in law enforcement reports and/or grand jury transcripts.

7. In order to protect the individuals who have provided assistance in the criminal investigation and could be potentially targeted, threatened and intimidated,[1]

---

[1] Cooperating witnesses and confidential informants are regarded as "snitches" or "rats" by their criminal associates. Distribution of these individuals' statements poses obvious dangers, especially where they are incarcerated in the same facility. The argument that letting the defendant read the material allows him to talk about what he read is no different than providing the written documents ignores the obvious when dealing with criminals. It is not the same kind of damage. Documentary evidence of a

to protect the ongoing investigation, prevent the destruction of evidence, prevent targets from becoming fugitives, to protect the sanctity and the secrecy of the grand jury process, prevent the intimidation of others who may have cooperated previously or are now cooperating and to protect the government's attorney if he discloses to defendant's counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks Act*, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered in this case.

8. Counsel for the government will identify and designate the specific discovery materials which refer to informants and/or cooperating witnesses as "Protected Discovery" that needs to be covered by the proposed Protective Order. Grand jury transcripts are also designated as Protected Discovery. Counsel for the government will also designate as Protected Discovery files recovered from electronic devices, such as cell phones and computers, that contain large amounts of information which often include Personally Identifiable Information (PII) belonging to parties, witnesses, or other individuals not involved in the case.

---

witness's betrayal is more compelling than a verbal statement because there is an actual writing or a piece of paper containing information which can facilitate retaliation or intimidation of a witness.

9. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

10. The Protective Order should include the following restrictions:

    a.  defense counsel shall not show the Protected Discovery to anyone except the defendant, attorneys of record in this case, and those persons hired by the attorney of record, including expert witnesses, who are necessary to assist counsel of record in preparation for trial;

    b.  defense counsel shall not distribute the Protected Discovery for any purpose other than to those individuals identified in subparagraph c;

    c.  defense counsel shall not copy the Protected Discovery to give to any person or party, including the defendant, except for those persons hired by the attorney, including expert witnesses, who are necessary to assist counsel of record in preparation for trial. Defense counsel must maintain complete custody and control over the Protected Discovery, including all copies, except that defense shall be permitted to send, by secure electronic means, copies to persons hired by the attorney who are necessary to assist counsel of record in preparation for trial; and

    d.  defense counsel shall notify any person that is shown or receives a copy of the Protected Discovery, pursuant to the Protective Order, that they are bound by the restrictions of the Order, of the need to keep the Protected Discovery secure, and that they must shred any copies of, and destroy any electronic links to, the Protected Discovery when the case is completed.

11. The requested restrictions do not prevent the defendant from reviewing the Protected Discovery in defense counsel's presence during attorney-client interviews, but defendant is not allowed to keep or maintain a copy of the Protected Discovery. Defense counsel may discuss the case with persons that counsel of record has hired in preparation for trial. Additionally, the parties agree defense counsel may show witnesses their own statements or transcripts.

WHEREFORE, the United States respectfully requests that the Court enter the requested protective order limiting the showing, reproducing, and distribution of discovery materials designated as Protected Discovery.

CLINTON J. JOHNSON
UNITED STATES ATTORNEY


*/s/ Adam D. McConney*
Adam D. McConney, CA Bar No. 294344
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
918-382-2700

**Certificate of Service**

    I hereby certify that on the 19th day of August, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

    Tina Hunt
    *Counsel for the Defendant*

    */s/ Adam D. McConney*
    Assistant United States Attorney