IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-MJ-705-MTS |
| | ) |
| CARRIE WILLIFORD, | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

Upon the unopposed motion of the United States for a protective order [ECF No. 9] the Court is fully advised as to the nature of this case and the applicability of Rule 6(e) of the Federal Rules of Criminal Procedure to certain materials requested by the Defendant. The Court finds that the government must provide discovery materials that reference informants and/or cooperating witnesses, grand jury transcripts and other investigative materials for purposes of the trial of the above-captioned case. Accordingly, the Court issues this protective order as follows:

IT IS HEREBY ORDERED that the government attorneys are protected if they disclose to counsel for the above, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks Act*, 18 U.S.C. §3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).

IT IS FURTHER ORDERED that the government shall identify and designate specific sensitive discovery materials as "Protected Discovery." Protected Discovery

materials shall include any and all information that the government has a good faith belief specifically references an informant or cooperating witness. Grand jury transcripts are also designated as Protected Discovery. The government shall also identify and designate files recovered from electronic devices, such as cell phone and computers, that contain large amounts of information which often include Personally Identifiable Information (PII) of parties, witnesses, or other individuals.

IT IS FURTHER ORDERED that the government shall provide the Protected Discovery to defense counsel for the purpose of preparing the defense of the above captioned criminal case. The Court prohibits the defense counsel from showing the Protected Discovery to anyone with the exception of the defendant and persons hired by the attorney, including expert witnesses, who are necessary to assist counsel of record in preparing the defense of the above captioned criminal case.

IT IS FURTHER ORDERED that defense counsel shall not distribute the Protected Discovery to any person for any purpose other than that described in this paragraph. Defense counsel shall not reproduce the Protected Discovery to give to any persons, including the defendant, except for those persons hired by the attorney, including expert witnesses, who are necessary to assist counsel of record in preparing for trial. Defense counsel shall maintain complete custody and control over the Protected Discovery, including all copies, except that defense counsel shall be permitted to send, by secure electronic means, copies to persons hired by defense counsel who are necessary to assist counsel of record in the preparing for trial.

IT IS FURTHER ORDERED that defense counsel shall notify any party that is shown, or receives a copy of, the Protected Discovery pursuant to this Protective Order, that they are bound by the restrictions of this Order, that they need to keep the Protective Discovery secure, and that they must shred any copies of, and delete any electronic links to, the Protected Discovery when the case is completed. The defense attorney, the defense team, and the defendant are bound by the requirements of this Protective Order in reference to display and distribution of the Protected Discovery.

IT IS FURTHER ORDERED that defendant may review Protected Discovery in the presence of defense counsel during attorney-client visits, but defendant is not allowed to keep or maintain a copy of the Protected Discovery.

IT IS FURTHER ORDERED that defense counsel is not prohibited from discussing the case with co-counsel, or persons defense counsel has hired to assist in the preparation of trial. Additionally, defense counsel is not prohibited from showing a witness his or her own statement or transcript.

ORDERED this 19th day of August, 2025.

Susan E. Huntsman
UNITED STATES MAGISTRATE JUDGE